## No. 1055

### REPUBLIC STEEL CO. v. GONZALEZ

No. 20152. Supreme Court

On motion to certify. Dock. Nov. 3, 1926, 4 Abs. 758.

**225. CHARGE TO JURY**—Where after a fire, repairs are being made and during same heavy steel sheets are piled against lockers and said lockers fall over causing injury, is it error for a judge to charge the jury without stating that such condition was of a temporary nature, and that the lockers were safe in themselves,

German Gonzalez brought his action in the Mahoning Common Pleas to recover damages for injuries he sustained while working for the Republic Iron & Steel Co. The injury was sustained by steel lockers falling upon him and it was claimed by him that this was caused by the piling of heavy steel sheets against the lockers. Gonzalez is attempting to recover under 871-15-16 GC. which sections have to do with the protection of employees and the duty of the employees to keep a reasonably safe place for them to work. Upon the evidence, both lower courts found for Gonzalez and the Iron Co. contends in the Supreme Court:

1. That there was error in the court's charge to jury wherein he failed to make a distinction between places permanently unsafe and temporarily unsafe.

2. That instrumentalities which are safe in themselves but which are rendered unsafe by operating acts, such unsafe conditions do not constitute a breach of the duty to furnish and maintain safe places and instrumentalities.

3. That in the charge upon master and servant the court made the liability depend on negligence and not breach of lawful requirement.

Attorneys—Kennedy, Manchester, Conroy and Ford for Company; D. G. Jenkins, & S. S. Davidson for Gonzalez, all of Youngstown.

---

## No. 1056

### DE RAN et v. SCHMIDT

No. 20103. Supreme Court

Petition in Error. Dock. Sept. 27, 1926, 4 Abs. 670.

**941. PRACTICE AND PROCEDURE**—Does 11364 GC. authorize the Court of Appeals to enter final judgment upon a certificate and finding that substantial justice has been done when record discloses error in admission and rejection of evidence in trial court?

H. C. De Ran and Michael Wagner complain of Harry E. Schmidt in that on July 23, 1926 the Sandusky Court of Appeals, in a certain action in that court, found that there was error in said record in matters affecting the substantial rights of plaintiffs in error; and further found that substantial justice had been done.

In the Supreme Court, on a petition in error, it is claimed that the issues and matters in which errors were shown by the record to exist, were questions of fact which De Ran et al had a constitutional right to have tried to a jury, and that the finding and certificate of substantial justice by the Court of Appeals was in effect a denial of plaintiffs in error's constitutional rights guaranteed Art. 1, Sec. 5 of the Ohio Constitution.

It is further claimed that 11364 GC. does not authorize a finding or certificate of substantial justice in cases where the record discloses errors in the admission or rejection of evidence going to the merits of the case; and when such action of the trial court is prejudicial to the rights of the parties complaining, and if it did, it would be unconstitutional as violative of the aforementioned article and of the XIV amendment to the Federal Constitution.

Attorneys—D. B. Love and H. C. De Ran for plaintiff in error; both of Fremont.

---

## No. 1057

### McCLURE, Rec. v. P. U. C.

No. 20158. Supreme Court

Error to P. U. C. Dock. Nov. 5, 1926, 4 Abs. 758.

**973. PUBLIC UTILITIES COMMISSION**—Can a motor transportation company, which has its being by affidavit that it was operating before April 28, 1923, increase its rolling stock and service without showing inadequate service and necessity for public convenience?

J. H. McClure receiver for the Indiana, Columbus and Eastern Traction Co. filed separate actions against D. W. Booth and John Batchick with the Public Utilities Commission which causes of action were heard jointly.

The protests of McClure were against the alleged illegal operation of a motor transportation company between Columbus and Springfield Ohio. The Commission found for Booth and Batchick and a rehearing being denied, McClure contends in the Supreme Court:

1. That the Commission failed to determine the extent and nature of the operation of the defendants, under their certificate of public necessity convenience.

2. That the Commission failed to recognize and to hold that where a motor transportation company has secured a certificate of public two termini solely upon affidavit, that it was convenience and necessity to operate between operating before April 28, 1923, it cannot add new equipment without showing that public convenience and necessity require it and the public utilities operating between the said termini are not rendering adequate service.